Lianghe SHAO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–75278.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 8, 2006.

Douglas G. Ingraham, Esq., Alhambra, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Larry P. Cote, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Jill Ptacek, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Lianghe Shao, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying Shao's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petition for review.

The BIA found Shao not credible based upon inconsistent statements regarding the circumstances of his alleged release from detention, his knowledge of his mother-in-law's arrest, and the year in which

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the events he alleged precipitated his departure from China occurred. These inconsistencies go to the heart of his claim and support the BIA's adverse credibility finding. *See id.* at 1043. Because there was adequate reason to question Shao's credibility, the BIA properly considered Shao's lack of persuasive corroborative evidence. *See id.* at 1044. Accordingly, Shao failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Shao's CAT claim is based on the same testimony that the BIA found to be not credible, and because he points to no other evidence that the BIA failed to consider, he failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**